UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RODERICK MCGEE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 1:25-cv-203-CLC-MJD |
| | ) |
| C. MILLS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Roderick McGee ("Plaintiff") filed this case pro se and without prepayment of fees. Currently before the Court are Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [Doc. 1] and his complaint [Doc 2], which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff's IFP application will be granted. No summons may issue at this time, however, because Plaintiff's complaint fails to comply with applicable pleading standards as also set forth below. The Court will allow Plaintiff to amend his complaint and attempt to state a claim over which this Court has jurisdiction.

**I.    IFP APPLICATION**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses

---

[1] Although the statute uses the term "prisoner," § 1915 "applies to non-prisoner indigent litigants as well as prisoners." *Zarazoga v. Litton Loan Serv.*, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *1 n.2 (N.D. Ga. Jan. 28, 2011) (citations omitted). The Sixth Circuit has held that the use of the phrase "prisoner possesses" is a "typographical error in the final version of the statute," and that "Congress actually intended the phrase to be 'person possesses.'" *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), *superseded on other grounds as stated in Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006).

that the person is unable to pay such fees or give security therefor." In other words, the Court may permit Plaintiff to proceed IFP, but only if he submits an affidavit showing he cannot pay the filing fee while still being "able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Based on the financial information Plaintiff provides in his IFP application, the Court finds he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's IFP application [Doc. 1] is **GRANTED**.

## II. SCREENING THE COMPLAINT

### a. Standards

Because Plaintiff is proceeding IFP, the Court is required to screen his complaint before any summons are issued, and recommend dismissal if the action, or any portion of the action, is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2); *see also Chase Manhattan Bank Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility

2

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

b. **Plaintiff's Complaint [Doc. 2]**

To draft his complaint Plaintiff used a form titled, Complaint for Violation of Civil Rights (42 U.S.C. § 1983). He names as defendants C. Mills, who appears to be an officer with the

Chattanooga Police Department ("CPD"), and a company called United Transport. In the Statement of Claim section, Plaintiff writes[2]:

> On 6.20.25 Friday Officer C. Mills 1169, kidnapping, put me under arrest, search me, took my car key, and theft of property, violating policies, civil rights, discrimination, civil liberties.
>
> I asked for his supervisor, and he didn't have one come out, he didn't run my tag so he could call me [illegible].
>
> Location my insurance, [illegible] information, failing law practice, providing false statement, a pattern of discriminatory or harassing behaviors that got my key and car to be at the salvage yard for four whole days.
>
> C. Mills told me if I have full coverage insurance to call them and they will get my property out for free, and that was a lie too.

[Doc. 2 at Page ID # 14–15].

> In the Relief section, Plaintiff mostly just repeats phrases from his Statement of Claim:
>
> Civil Rights, Discrimination, civil liberties, theft of property, violating policies. Neglect information, failing law practice, provide false statement, a pattern of discriminatory or harassing behaviors, violating my 4th Amendment and 1st Amendment rights. Kidnapped me and unreasonable searches and seizures.

[*Id.* at Page ID # 16].

    **c.    Analysis**

As currently drafted, Plaintiff's complaint does not state a claim that complies with the standards set forth above. He provides only disjointed, barely legible sentence fragments. It appears Plaintiff is alleging that Officer C. Mills had his car improperly towed; however, the body of his complaint contains only disjointed, barely legible sentence fragments. Plaintiff does not include any detail regarding the factual basis for his claim(s) against Officer C. Mills. Nor does he

---

[2] The Court has made some minor corrections/changes to the text of Plaintiff's complaint. For the sake of readability, the Court has done so without using brackets or "sic" designations. None of these corrections/changes affect the substance of Plaintiff's allegations or claims.

4

Case 1:25-cv-00203-CLC-MJD     Document 7     Filed 07/01/25     Page 4 of 6     PageID #: 29

provide any basis whatsoever for asserting a claim under § 1983 (or any other type of claim over which this Court has jurisdiction) against United Transport. Indeed, other than being listed as a Defendant, United Transport is not mentioned at all.

In an abundance of caution, rather than recommend dismissal of Plaintiff's claims at this stage, the Court will grant Plaintiff an opportunity to amend his Complaint and attempt to state a proper claim, as set forth below.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP application [Doc. 1] is **GRANTED**. The Clerk is respectfully directed not to issue summons, however, until the screening process required by § 1915(e) is complete.

If Plaintiff wishes to continue pursuing this case, he is **ORDERED** to file an amended complaint which states a proper claim over which this Court has jurisdiction, on or before **JULY 29, 2025**. It **SHALL** be titled, "Amended Complaint."

Plaintiff is **NOTIFIED** that the Court will only address the merits of his claims that relate to his original complaint. Plaintiff **SHALL NOT** attempt to set forth in his Amended Complaint any claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is further **NOTIFIED** that the Amended Complaint will be the sole operative complaint the Court considers, and therefore, it must be complete in itself. It may not incorporate or refer to any other filings in this case. The Amended Complaint will likewise be subject to screening under § 1915(e) before any summons may be issued.

If Plaintiff does not timely file a proper Amended Complaint, this case will be dismissed based on Plaintiff's failure to prosecute and failure to obey the Court's order. *See* Fed. R. Civ. P.

5

Case 1:25-cv-00203-CLC-MJD    Document 7    Filed 07/01/25    Page 5 of 6    PageID #: 30

41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well-settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

Plaintiff is hereby **ON NOTICE** that the Court **WILL NOT** consider any other kind of motion for relief until after the Amended Complaint has been screened. Any motions filed in this case before the screening process is complete and, if applicable, all defendants are served, are subject to being summarily denied.

Finally, pursuant to Eastern District of Tennessee Local Rule 83.13[3], Plaintiff is **REQUIRED** to immediately inform the Court, in writing, of any changes to his address. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

SO ORDERED.

ENTER:

/s/ *(signature)*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court's Local Rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.